# CIRCUIT COURT OF BALTIMORE CITY.

Filed May 2, 1894.

CODD & CO.

VS.

AMERICAN BRICK MACHINE CO.

*Jesse N. Bowen* for plaintiff.

*John P. Poe* and *R. S. Culbreth* for defendants.

DENNIS, J.—

The defendant corporation was chartered for the purpose of "manufacturing and selling" brick machines under certain letters patent.

Almost immediately upon its organization the Board of Directors passed a resolution forbidding the doing of any

business by the company until the success of the patents was demonstrated by further experiments.

Notwithstanding this resolution the president of the company contracted with the plaintiff for the manufacture of a brick machine for a party in Mobile under the company's patent, with which contract the plaintiff complied. The resolution of the board above referred to was unknown to the plaintiff. The defendant company being insolvent, this suit is brought against it and certain of its stockholders, to make the latter responsible for the amount of the contract upon their unpaid stock subscription. Of course, if the defendant company was not responsible under the contract, the subscriptions to its stock cannot be held; but it is contended on behalf of the plaintiff that he had a right to rely upon the *implied* authority of the president of the company, by virtue of his being president, to make the contract, the limitation upon his authority by the resolution of the Board of Directors being unknown to him. In this contention I do not concur.

The plaintiff was bound to take notice to the extent of the defendant's corporate powers, and within the scope of those powers the president's action would bind the company as to all acts proper to be performed by a president, unless a special limitation of such authority should be brought home to the party seeking to hold the company responsible. As to such acts as were within the corporate power and were usual and proper to be performed by the president of the company, the law will imply an authority upon the part of the president in favor of a party who has trusted him.

But, in this case, the defendant company was only authorized by its charter "to manufacture and sell" machines; i. e., to manufacture and sell machines of its own making; and even if the directors could have authorized the manufacture of a machine by another company, it seems clear that the president of the company could not, simply because he was president, be presumed to have authority to go outside of the chartered powers of the company and make such a contract, not only without express authority from the company, but actually against

its resolution to do no business whatever.

It is argued that it should be conclusively presumed that the president had the express authority to make this contract, because the books of the defendant company were not produced; the contention being that it must be presumed that books, if produced, would show such an express authority to have been given.

In the first place, it has been shown that the books of the company are not within reach of the defendant stockholders who are sought to be held liable, and their absence has been satisfactorily accounted for; but even if they were within their reach, the failure to produce them would hardly justify the Court in presuming the reverse of what has been sworn to by an unimpeached, and admittedly unimpeachable, witness.